Randolph ANDERSON, d/b/a Anderson
Construction Company, Movant,

v.

ZURICH INSURANCE COMPANY and
Curtis Cobb, d/b/a Curtis Cobb Insur-
ance and Real Estate, Respondents.

Supreme Court of Kentucky.

Oct. 14, 1980.

Rehearing Denied Feb. 17, 1981.

As Modified March 10, 1981.

As Modified May 15, 1981.

Howard Downing, Nicholasville, for mov-
ant.

B. L. Kessinger, Lexington, for Zurich
Ins. Co.

Nolan Carter, Jr., Lexington, for Curtis
Cobb.

OPINION OF THE COURT

The question before the court is whether
the Court of Appeals properly reversed the
trial court's reformation of an insurance
contract.

The movant, Randolph Anderson, applied
for broad form insurance coverage for his
construction equipment with Zurich Insur-
ance Company through an independent in-
surance agency, Curtis Cobb. Without An-
derson's knowledge or consent, Zurich's un-
derwriter changed the application to cover-
age for specific perils, and a specific perils
policy was issued. When two of Anderson's
claims were rejected by Zurich as outside

the specific perils coverage, Anderson filed suit against Zurich, and Zurich filed a third party complaint against Cobb. The trial court concluded that under the circumstances, reformation of the contract to reflect the intent of the parties was proper. The Court of Appeals reversed, holding that since there was no mistake on the part of Zurich there was no "mutual" mistake and thus reformation was an inappropriate remedy. We granted discretionary review and we reverse.

■ It is undisputed that Anderson applied for broad form coverage and that Zurich's underwriter, without notice to Anderson, changed the application to specific perils. KRS 304.14–090(1) provides that "Any application for insurance in writing by the applicant shall be altered solely by the applicant or by his written consent," and (3) provides that "An insurer issuing a policy upon an application which has been unlawfully altered by its officer, employe, or agent shall not have available in any action arising out of such policy, any defense based upon the fact of such alteration, or as to any item which was so altered." This statute is clearly applicable to the facts of the instant case, and Zurich is stripped of any defense based on the limitation of coverage in the policy as issued. Thus the proper remedy places the parties in the position required by the policy, had it been consistent with the application before alteration. Anderson is entitled to recover whatever damages would have been provided by the broad form coverage which he sought to obtain.

■ In reversing the judgment[1] of the trial court, the Court of Appeals remanded the case for a retrial, holding only that Anderson's recovery, if any, would have to rest on a theory other than mutual mistake, depending on the evidence. We do not construe the opinion of the Court of Appeals as concluding the claims of Zurich and Cobb against each other. It seems, rather, that the Court of Appeals contemplated a retrial of all issues. Having concluded that the judgment for Anderson against Zurich should be affirmed, this court is left with the problem of what to do with respect to Zurich's judgment against Cobb for $7650.67 and the denial of its claim against Cobb for $2615.63.[2] Both Zurich and Cobb appealed from the judgment of the trial court, but their claims and contentions against each other were not specifically addressed by the Court of Appeals, and neither of them moved this court for discretionary review. Under these circumstances, insofar as the decision of the Court of Appeals calls for a retrial or readjudication of the issues between Zurich and Cobb it must be affirmed.

The decision of the Court of Appeals is therefore affirmed in part and reversed in part and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

1. For convenience, we refer to the "judgment" as including the series of partial judgments.

2. There were two losses. In the judgment of the trial court Zurich's exposure to liability on one of them resulted from Cobb's negligence.